PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Richard C. Teissier, an attorney licensed to practice law in Louisiana.
*908 UNDERLYING FACTS
The underlying facts of this matter are not in dispute; having been stipulated to by the parties.
By way of background, Jamez Ward hired respondent to represent him in a criminal matter. During the course of the representation, respondent received discovery. items from .the prosecution that were relevant to the defense, including a police report pertaining to Mr. Ward’s arrest. In March 2013, respondent withdrew from the representation and James A. Williams enrolled as counsel. Respondent then refused to provide Mr. Williams with Mr. Ward’s file, which included the discovery materials. In May 2013, Mr. Williams filed a disciplinary complaint against respondent. Despite receiving notice of the complaint, respondent failed to respond, necessitating the issuance of a subpoena to obtain his sworn statement.
During its investigation of the complaint, the ODC discovered that between May 31, 2013 and August 15, 2013, respondent was declared ineligible to practice law for failure to comply with mandatory continuing legal education (“MCLE”) requirements. Between September 9, 2013 and September 20, 2013, respondent was again declared ineligible to practice law for failure to pay bar dues and the disciplinary assessment and for failure to file a trust account registration statement. During his sworn statement, respondent acknowledged that he had continued to practice law during these periods, of ineligibility, which included making court appearances in Jefferson Parish on behalf of his clients.
DISCIPLINARY PROCEEDINGS
In October 2013, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1 (failure to comply with MCLE requirements and failure to pay bar dues and the disciplinary assessment), 1.16. (declining or terminating representation), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
In his answer to the formal charges, respondent indicated that after he learned of his ineligibility, he immediately began rectifying his noncompliance and ceased practicing law. Without providing any details, respondent also alluded to a personal situation that contributed to his compliance failures. Respondent explained that he did not turn over the Ward file to Mr. Williams because he had been mistakenly advised that he could not do so until the client requested the file.
The matter then proceeded to a formal hearing before the hearing committee. The ODC introduced documentary evidence and the parties filed a joint stipulation, wherein respondent stipulated to the factual allegations of the formal charges as set forth above. Neither respondent nor the ODC called any witnesses to testify before the committee. However, respondent testified on his own behalf. In his testimony, respondent admitted that he refused to relinquish the Ward file in an effort to' make it harder on Mr. Williams, who had assumed the representation.

Hearing Committee Report

After considering the record and the evidence presented at the. hearing, the hearing committee adopted the factual allegations of the formal charges, as stipulated to by respondent, as its factual findings. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
*909 The committee further determined respondent violated a duty owed to his former client, the legal system, and the legal profession. Respondent’s misconduct was mostly negligent and caused no apparent harm. After considering the AJBA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction is reprimand.
In aggravation, the committee found multiple offenses and substantial experience in the practice of law (admitted 1987). In mitigation, the committee found absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems,[1] full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, and remorse.
After further considering the case law involving similar misconduct, the committee recommended respondent be suspended from the practice of law for three months, fully deferred, subject to two years of unsupervised probation. The committee also recommended that during the upcoming year, respondent attend at least eight hours of law office management CLE, two hours of professionalism CLE, and two hours of ethics CLE. The committee also recommended respondent be assessed with all costs and expenses of these proceedings.
The ODC filed an objection to the leniency of the sanction recommended by the hearing committee.

Disciplinary Board Recommendation

After review, the disciplinary board found that the hearing committee’s factual findings are not manifestly erroneous, as they are largely based upon respondent’s stipulations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined respondent negligently violated a duty owed to the legal system and the legal profession by practicing law while ineligible and by initially failing to cooperate with the ODC’s investigation. Respondent violated a duty owed to his client Mr. Ward by failing to release his file to Mr. Williams, which, based upon respondent’s own testimony, was intentional. With the exception of causing the ODC to expend additional resources in its investigation, no apparent harm resulted from respondent’s actions as Mr. Williams was able to secure a favorable plea for Mr. Ward without the file. However, the potential for harm was great. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is suspension.
The board adopted the aggravating factors found by the committee and additionally found the factor of a dishonest or selfish motive. The board adopted the mitigating factors found by the committee, but declined to find the factor of absence of a dishonest or selfish motive. The board assigned little weight to the factor of personal or emotional problems due to the lack of evidentiary support, other than respondent’s own testimony.
After further considering the case law involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by a period of probation to coincide with the period of deferment. The board also recommended respondent be *910 assessed with the costs and expenses of these proceedings.
One board member dissented and would recommend a suspension from the practice of law for a period of one hundred eighty days, “with all conditions the same.”
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, the parties have stipulated, and the record supports a finding, that respondent practiced law while ineligible to do so, failed to return a client’s file upon request, and failed to cooperate with the ODC in its investigation. This misconduct amounts to a violation of the Rules of Professional Conduct as alleged in the formal’charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We find respondent negligently violated a duty owed to the legal system and the legal profession and intentionally violated a duty owed to his former client. Respondent caused actual harm to the disciplinary system and potential harm to his former client. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the board.
Considering the circumstances of this case, in particular respondent’s intentional failure to release his client’s file, balanced by the aggravating and mitigating factors present, we find the sanction recommended by the board is appropriate. Accordingly, we will adopt the recommendation and suspend respondent from the practice' of law for one year and one day, with all but sixty days deferred, followed by a period of unsupervised probation to coincide with the period of deferment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Richard C. Teis-sier, Louisiana Bar Roll number 18461, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that all but sixty days of the suspension shall be deferred. The active period of the suspension shall be followed by a period of unsupervised probation to coincide with the period of deferment. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. *911 Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. During his sworn statement, respondent indicated that his family was being stalked by a former babysitter, which was to blame for his failure to reply. Respondent indicated he would provide a police investigation report in the matter, but no such report has been received.